**WELDON, WILLIAMS & LICK, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Graphic Communications Conference of the International Brotherhood of Teamsters, Intervenor.**

Nos. 06–1352, 06–1385.

United States Court of Appeals, District of Columbia Circuit.

Nov. 21, 2007.

Paul E. Bateman, Littler Mendelson, P.C., Chicago, IL, for Petitioner.

Christopher W. Young, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel, Fred Barry Jacob, Attorney, National Labor Relations Board General Counsel, Washington, D.C., for Respondent.

Thomas D. Allison, Jr., Allison, Slutsky & Kennedy, Chicago, IL, for Intervenor.

BEFORE: HENDERSON, GARLAND and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

The petition for review and cross-application for enforcement of an order of the National Labor Relations Board was considered on the briefs and oral arguments of counsel. It is

**ORDERED** that the petition for review be denied and that the cross-application for enforcement be granted. We affirm the Board's finding that Weldon, Williams & Lick, Inc. violated sections 8(a)(1) and (a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), by discharging Dale Morfey for engaging in protected activities. *See Wright Line*, 251 N.L.R.B. 1083, 1088–90 (1980). In applying the two-part *Wright Line* test, the Board had substantial evidence to support its findings that (1) the General Counsel satisfied his burden of showing anti-union animus was a substantial or motivating factor for firing Morfey; and (2) Weldon failed to satisfy its burden of demonstrating it would still have fired Morfey if he had not engaged in protected activities. *Id.* Specifically, the credibility findings about when James Walcott decided to fire Morfey were "neither hopelessly incredible nor self-contradictory." *Conair Corp. v. NLRB*, 721 F.2d 1355, 1368 (D.C.Cir.1983) (internal quotation marks omitted). Moreover, Weldon failed to show that its firing of Morfey conformed with its ordinary treatment of similarly situated employees.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc.

*See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.